**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1]<br>    Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>    Defendants. | Adv. No. 23- _____ |

**COMPLAINT FOR CONVERSION, DECLARATORY RELIEF, AND TURNOVER
OF FUNDS AND APPLICATION FOR INJUNCTIVE RELIEF**

Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "***Tenet Entities***"), hereby file this complaint for conversion, declaratory relief and turnover of funds, and application for injunctive relief (the "***Complaint***") against SRC Hospital

---

[1] A complete list of each of the debtors (the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

Investments II, LLC; River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the "*Defendants*").

## INTRODUCTION

1. On October 2, 2022 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § § 101-1330 (as amended, the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*").

2. During the Debtors' Chapter 11 Cases, the Tenet Entities reserved all rights with respect to certain Specified Medicare/Tricare Settlements (as defined in the Debtors' final DIP order, Docket No. 492), which are also referred to as Seller Agency Settlements in the APA and are "Excluded Assets" pursuant to the APA, and with respect to which the Tenet Entities are the beneficial owner. *See*, *e.g.*, Proof of Claim No. 10859 at n.7.

3. The reservation of rights with the Debtors culminated in the addition of the following language (the "*Plan Reservation of Rights*") to the *Order Approving the Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1041] (the "*Confirmation Order*") confirming the Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1019] (as modified, amended, and including all supplements, the "*Plan*"):

> **Provisions Regarding Tenet.** Nothing in the Plan, this Confirmation Order, or any other prior order of the Bankruptcy Court in the Chapter 11 Cases impairs the rights and claims of Tenet Business Services Corporation and its affiliates ("Tenet") with respect to Medicare/Tricare cost report settlements for healthcare services provided by Tenet during its ownership and operation of the Louis A. Weiss Memorial and West Suburban Medical Center (the "Illinois Facilities") prior to Tenet's sale of the assets of the Illinois Facilities to the Debtors on or about January 28, 2019 and, unless resolved consensually, this Court shall determine the allowance, amount,

2

>and priority of Tenet's claims, if any, against the Debtors or Reorganized Debtors, and each of the Debtors' and the Reorganized Debtors' rights, claims, counterclaims, and defenses under applicable law are hereby preserved in full and not waived; for the avoidance of doubt, to the extent that Tenet's claims are later allowed as Administrative Claims, they shall be entitled to payment in full by the Reorganized Debtors in cash in an amount equal to the allowed amount of such claim unless otherwise agreed among Tenet and the Reorganized Debtors.

Confirmation Order, ¶ 118.

4. The Plan became effective on February 6, 2023 (the "*Effective Date*").

5. The Tenet Entities bring this adversary proceeding against the Defendants seeking primarily to establish a postpetition conversion claim premised on the Debtors' wrongful use of the Tenet Entities' property—namely, the Seller Agency Settlements—to fund their operations during the Chapter 11 Cases. Pursuant to the Plan Reservation of Rights, a postpetition conversion claim would be entitled to administrative expense priority and would thus be payable in full by the Defendants. The Tenet Entities further seek injunctive and declaratory relief to enforce and otherwise protect the Tenet Entities' rights to the proceeds of certain Seller Agency Settlements that have not been liquidated.

## PARTIES

6. Tenet Business Services Corporation ("*Tenet*") is a Texas corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

7. VHS Acquisition Subsidiary Number 3, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

8. Lakefront Medical Associates, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

9. Vanguard Medical Specialists, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

10. VHS West Suburban Medical Center, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

11. VHS Acquisition Subsidiary Number 4, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

12. MacNeal Physicians Group, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

13. VHS Westlake Hospital, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

14. Midwest Pharmacies, Inc. is an Illinois corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

15. SRC Hospital Investments II, LLC ("*SRC*") is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245. SRC is a subsidiary of Pipeline Health System, LLC, which operates multiple hospitals in California and Texas.

16. Upon information and belief, River Forest Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

17. Upon information and belief, Weiss MOB Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

18. Upon information and belief, Weiss Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

19. Upon information and belief, West Suburban Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

## JURISDICTION AND VENUE

20. From the Petition Date to the Effective Date, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Upon the occurrence of the Effective Date, the property of the Debtors revested in Debtor entities, including *inter alia*, the Defendants (the "**Reorganized Debtors**"). Plan, Art. IV.B.8. Pursuant to the Plan, each Reorganized Debtor is required to pay a "General Administrative Claim" against it "no later than thirty days after the date on which an order Allowing such General Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter." *Id.* Art. II.A.

21. Jurisdiction over this adversary proceeding (the "**Adversary Proceeding**") is based on 28 U.S.C. §§ 1334 and 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), pursuant to the Court's retention of jurisdiction over, *inter alia*, administrative claims in Article XII of the Plan, and pursuant to the Plan Reservation of Rights. The statutory and legal predicates for the relief sought herein is the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; 11 U.S.C. §§ 105(b), 502, 503(b), and 541(d); and Bankruptcy Rules 7001(1), 7001(7), and 7001(9).

22. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409(a).

**BACKGROUND**

**I.     THE AMENDED AND RESTATED ASSET PURCHASE AGREEMENT**

23.     In 2018 and 2019, SRC and the Tenet Entities negotiated and consummated a transaction in which SRC acquired three hospitals and related facilities in the Chicago area: West Suburban Medical Center, Westlake Hospital, and Weiss Memorial Hospital (excluding the Westlake Hospital,[2] the "***Illinois Facilities***").

24.     In connection with the transaction, the Tenet Entities, as sellers, and SRC, as buyer, executed the Amended and Restated Asset Purchase Agreement, dated December 31, 2018, and the First Amendment to Amended and Restated Asset Purchase Agreement, dated January 28, 2019 (such agreement, as amended, the "***APA***").  A copy of the APA is attached hereto as Exhibit A.

25.     Under the APA, the rights to positive cost reports settlements or retroactive adjustments on Seller Cost Reports[3] for the period prior to Closing (the "***Seller Agency Settlements***") remain the property of the Tenet Entities.

26.     Specifically, under Section 2.2 of the APA, certain assets of the Tenet Entities were not conveyed to SRC, including among other things, intercompany receivables, assets and liabilities under medical malpractice risk pools and workers compensation and employee

---

[2] Westlake Hospital was placed into bankruptcy on August 6, 2019, so the reference to Illinois Facilities herein refers to the other two Illinois Facilities sold to SRC pursuant to the APA.

[3] "Cost Reports" are defined in the APA as "all cost and other reports filed pursuant to the requirements of Government Reimbursement Programs, and similar of successor programs with or for the benefit of Governmental Authorities for payment or reimbursements of amounts due from them." APA § 1.1. "Government Reimbursement Programs" means "any programs funded or administered by federal or state government, or contractor(s) thereof, for the purposes of paying for health care services. Such programs shall include Medicare, Medicaid, TRICARE, programs administered by the U.S. Department of Labor Employment Standards Administration's Office of Workers' Compensation Programs (e.g., administration of claims pursuant to the Black Lung Benefits Act), and similar or successor programs with or for the benefit of designated federal or state residents." *Id.*

6

retirement programs, and the Seller Agency Settlements (collectively, the "*Excluded Assets*"). *See* APA §§ 2.2(a), 2.2(c), 2.2(d).[4]

27. The Seller Agency Settlements are entitlements to reimbursements under the United States Code, primarily Title 42 thereof, the statutory provisions governing the relationship of health care providers and the U.S. Department of Health and Human Services (DHHS).

28. Each Seller Agency Settlement, as a distinct statutory entitlement, is a distinct property interest.

29. The provider numbers for the Illinois Facilities, the bank accounts where reimbursement payments are deposited, and the facilities where DHHS correspondence, notices of reimbursement, and demands for payment were sent were each transferred to SRC pursuant to the APA; accordingly, in order to ensure the Tenet Entities received reimbursements relating to the Seller Agency Settlements, SRC agreed in the APA to (i) promptly remit to the Tenet Entities any refund or other amounts relating to Seller Agency Settlements that it or its affiliates received from a Governmental Authority (as defined in the APA), APA § 8.6(ii); and (ii) forward to the Tenet Entities all correspondence, receipts, or demand for payments relating to Seller Cost Reports or Seller Agency Settlements within ten business days of receipt, APA § 8.8(a).

30. In connection with the acquisition of assets under the APA, SRC organized certain subsidiaries to own and operate the assets obtained from the Tenet Entities: River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the listed Debtor entities, collectively, the "*Propcos*").

---

[4] Conversely, any negative settlements or retroactive adjustments on Seller Cost Reports relating to time periods prior to the closing are "Excluded Liabilities." *See* APA § 2.4.

31. The Propcos are "Buyer Designees" under the APA and are jointly and severally responsible with SRC to comply with the obligations associated with the Seller Cost Reports and Seller Agency Settlements. *See* APA § 11.5.

## II. SRC'S FAILURE TO REMIT THE TENET ENTITIES' PROPERTY

32. Pursuant to Section 8.6 of the APA, SRC remitted certain Seller Agency Settlements to the Tenet Entities on a consistent basis through January 20, 2022.

33. After that time, however, the Defendants failed to perform their duties regarding the Seller Agency Settlements, including remitting payments that belonged to the Tenet Entities.

34. The following Seller Agency Settlements have not been remitted to the Tenet Entities (the "*Specified Seller Agency Settlements*"):

| Hospital | Program | Cost Report Period | Amount[5] | Notice Date | |
|---|---|---|---|---|---|
| Weiss | Medicare | 5/31/2013 | $23,324.00 | | |
| Weiss | Medicare | 5/31/2014 | $35,627.00 | | |
| Weiss | Medicare | 5/31/2016 | $169,063.00 | 5/26/2021 | [6] |
| Weiss | Medicare | 5/31/2018 | $15,625.00 | 7/27/2022 | |
| Weiss | Medicare | 1/27/2019 | $22,558.00 | 7/27/2022 | |
| Weiss | TRICARE | *N/A* | $14,500.00 | | |
| West Suburban | Medicare | 4/30/2015 | $76,434.00 | | |
| West Suburban | Medicare | 4/30/2016 | $109,552.00 | 5/27/2021 | [7] |
| West Suburban | Medicare | 4/30/2017 | $ 154,527.00 | 5/27/2021 | [7] |
| West Suburban | Medicare | 4/30/2018 | $12,781.00 | 7/14/2022 | |
| West Suburban | Medicare | 1/27/2019 | $ 113,966.00 | 3/16/2022 | |

---

[5] For lines missing "Notice Date" information, the Amount is an estimated amount based on the Tenet Entities' filings with the Governmental Authorities. (As used herein, "*Governmental Authority*" has the meaning ascribed to such term in the APA.)

[6] On information and belief, the settlement for the Weiss 2016 Cost Report occurred on or about June 14, 2021. While the payment should have totaled $169,063.00, the payment was reduced to $91,653.37 by a $77,409.63 recoupment on account of Medicare Advance Payments (essentially loans) made by CMS to Defendants after the sale of the Illinois Facilities closed.

[7] On information and belief, the settlements for the West Suburban 2016 and 2017 Cost Reports occurred on or about June 10, 2021 and were combined. While the payment should have been $264,129.00, there was a $98,508.33 recoupment on account of Medicare Advance Payments made by CMS to Defendants after the sale of the Illinois Facilities closed.

| West Suburban | Medicare | 1/28/2019 | $783,963.00 | 5/18/2022 |
| West Suburban | TRICARE | *N/A* | $13,030.00 | |

35. Specified Seller Agency Settlements that have a date in the "Notice Date" column in the table above are confirmed by a notice from the Governmental Authorities, which notices are attached hereto as <u>Exhibit B</u> (the "***Notices***"). Upon information and belief, SRC has received additional notices but has failed to transmit the notices to the Tenet Entities.[8]

36. SRC has failed to remit the Specified Seller Agency Settlements to Tenet, despite multiple requests by Tenet, including most recently by the undersigned counsel to counsel for the Debtors in the Bankruptcy Cases.

37. Upon information and belief, some of the Specified Seller Agency Settlements were settled and remitted to the Defendants prior to the Petition Date (the "***Prepetition Settlements***" and all funds received by the Defendants with respect to such settlements, the "***Prepetition Settlement Trust Funds***"). On information and belief, the Prepetition Settlement Trust Funds remained traceable and reasonably identifiable as of the Petition Date.

38. Upon information and belief, some of the Specified Seller Agency Settlements were settled and remitted to the Defendants after the Petition Date and prior to the transfer of the Illinois Facilities to Ramco Healthcare Holdings, LLC (with its subsidiaries, "***Ramco***") upon the closing (the "***Illinois MIPA Closing***") under the Membership Interest Purchase Agreement ("***MIPA***"), approved by Order of the Bankruptcy Court on November 30, 2022 (*see* Docket No. 601, Exhibit 1) (the "***Postpetition Settlements***" and all funds received by the Defendants with respect to such settlements, the "***Postpetition Settlement Trust Funds***").

---

[8] SRC failed to perform its obligations under the APA by failing to forward to the Tenet Entities all correspondence, receipts, or demand for payments relating to Seller Cost Reports or Seller Agency Settlements within ten business days of receipt. The last Notice SRC forwarded to the Tenet Entities was dated July 27, 2022.

39. Upon information and belief, some of the Specified Seller Agency Settlements have been or will be settled and remitted to Ramco after the Illinois MIPA Closing (the "***Ramco Settlements***"; all funds received by Ramco or the Defendants with respect to such settlements to date, the "***Past Ramco Settlement Trust Funds***"; all funds received by Ramco or the Defendants hereafter, the "***Future Ramco Settlement Trust Funds***").

40. Ramco is obligated under the MIPA to turn over all Past Ramco Settlement Trust Funds and Future Ramco Settlement Trust Funds to the Defendants. Specifically, Section 8.7(a)(ii) of the MIPA provides that "if [Ramco] or any of its Affiliates receive any refund or other amount that is an Excluded Asset or is otherwise properly due and owing to [SRC] or any of its Affiliates in accordance with the terms of this [MIPA], or if [Ramco] receives any refund or other amount that is due and owing to the prior owner of the Hospital Facilities, [Ramco] promptly shall remit, or shall cause to be remitted, such amount to [SRC]." MIPA at 35.

### CLAIMS FOR RELIEF

### COUNT I – CONVERSION

41. The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

42. At all times herein mentioned, the Tenet Entities held and hold the beneficial ownership of the Specified Seller Agency Settlements, and Ramco's and Defendants' interest in the Specified Seller Agency Settlements was and is only as possessor, agent, bailee, or trustee.

43. At all times herein mentioned, the Tenet Entities held and hold the beneficial ownership of the Prepetition Settlement Trust Funds, the Postpetition Settlement Trust Funds, and the Past Ramco Settlement Trust Funds (collectively, the "***Past Settlement Trust Funds***"), and Ramco's and Defendants' interest in the Past Settlement Trust Funds was and is only as possessor, agent, bailee, or trustee.

44. From the moment received by Defendants, the Tenet Entities had and have an absolute and unconditional right to the immediate possession of the Past Settlement Trust Funds.

45. Defendants wrongfully and without authorization assumed control over the Specified Seller Agency Settlements and the Past Settlement Trust Funds in an unlawful and unauthorized manner to the exclusion of and inconsistent with the Tenet Entities' rights.

46. The Specified Seller Agency Settlements and Past Settlement Trust Funds were delivered to the Defendants for safekeeping under the APA.

47. The APA contemplated that the proceeds of the Specified Seller Agency Settlements would be delivered by the Governmental Authorities as specific funds to or for the benefit of the Defendants that would then be promptly remitted to the Tenet Entities.

48. The Tenet Entities made demand for possession of the Past Settlement Trust Funds, including by and through undersigned counsel to counsel to the Debtors during the Bankruptcy Cases.

49. The Defendants refused to return the Past Settlement Trust Funds.

50. On information and belief, the Defendants spent some or all of the Past Settlement Trust Funds and otherwise disposed of the Specified Seller Agency Settlements, including by allowing them to be recouped against by the Governmental Authorities, during their Bankruptcy Cases.

51. The Tenet Entities are entitled to an order and judgment for damages as a result of Defendants' conversion of the Past Settlement Trust Funds and Specified Seller Agency Settlements.

52. To the extent that the Defendants converted Specified Seller Agency Settlements during their Bankruptcy Cases, the Tenet Entities' conversion claims are entitled to administrative

11

priority under section 503(b)(9) of the Bankruptcy Code and are thus due and payable from the Defendants in full as provided in the Plan Reservation of Rights.

## COUNT II – DECLARATORY JUDGMENT

53. The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

54. The Tenet Entities seek declaratory judgment that:

    a. The Tenet Entities held and hold the beneficial ownership of the Specified Seller Agency Settlements;

    b. The Defendants' interest in the Specified Seller Agency Settlements was and is only as possessor, agent, bailee, or trustee;

    c. The Tenet Entities held and hold the beneficial ownership of the Past Settlement Trust Funds;

    d. The Defendants' interest in the Past Settlement Trust Funds was and is only as possessor, agent, bailee, or trustee;

    e. Upon payment by a Governmental Authority, the Tenet Entities will hold the beneficial ownership of the Future Ramco Settlement Trust Funds and be entitled to the same;

    f. Defendants are not entitled to disburse, otherwise dispose of, or receive a benefit in exchange for or on account of the Past Settlement Trust Funds or the Future Ramco Settlement Trust Funds; and,

    g. Defendants are obligated to promptly turn over any Past Settlement Trust Funds or Future Ramco Settlement Trust Funds to the Tenet Entities.

55. There is a justiciable controversy with the Debtors over whether the Specified Seller Agency Settlements and the proceeds thereof are or were property interests of the Tenet Entities as beneficial owner.

56. The declaratory relief requested above will terminate that controversy.

## COUNT III - INJUNCTIVE RELIEF

57. The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

58. The Tenet Entities seek an order:

    a. enjoining the Defendants from disbursing, otherwise disposing of, or receiving a benefit in exchange for or on account of the Past Settlement Trust Funds or the Future Ramco Settlement Trust Funds;

    b. requiring that Defendants turnover to the Tenet Entities all economic benefit received or to be received from the Specified Seller Agency Settlements;

    c. requiring Defendants to provide an accounting of all Specified Seller Agency Settlements to date; and

    d. requiring Defendants to provide the Tenet Entities any further correspondence or notice or report related to any Specified Seller Agency Settlements within ten business days of Defendants' receipt of same.

59. The order is necessary and helpful in implementing the Plan and the Plan Reservation of Rights and accordingly may issue under section 105(b) of the Bankruptcy Code.

60. Regardless, the Tenet Entities will meet the requirements for permanent injunctive relief upon success on the merits for the following reasons:

    a. There is no equivalent monetary remedy that can compensate for the information sought by the injunction.

  b. With respect to the funds sought, enjoining Defendants' misuse of trust funds is an appropriate subject of injunctive relief even if a damages claim could later be maintained.

  c. The injunction will not harm the Defendants, because there is no legitimate damage to Defendants in requiring them to turn over property that they do not own.

  d. And the public's interest in avoiding multiplicitous litigation warrants a resolution that addresses Defendant's future conduct without requiring the Tenet Entities to further pursue a claim for damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Tenet Entities request that this Court grant the following relief against Defendants:

(a) Judgment in favor of the Tenet Entities and against the Defendants in the amount of the Specified Seller Agency Settlements converted by the Defendants, with administrative expense priority being given to the claim for property converted during the Bankruptcy Cases;

(b) Judgment in favor of the Tenet Entities and against Defendants for a declaratory judgment, as herein described;

(c) Entry of the permanent injunction against Defendants as herein described; and

(d) Such other and further relief as may be just and proper.

Dated: May 10, 2023    **ALSTON & BIRD LLP**

          */s/ Jared M. Slade*
          Jared M. Slade
          Texas Bar No. 24060618
          S.D. Tex. Bar no. 1813371

       Chase Tower
       2200 Ross Avenue, Suite 2300
       Dallas, Texas 75201
       T: 214-922-3400
       E: jared.slade@alston.com

       *and*

       Leah Fiorenza McNeill (*pro hac vice*)
       Georgia Bar No. 940554
       Jacob A. Johnson (*pro hac vice*)
       Georgia Bar No. 849407
       One Atlantic Center
       1201 West Peachtree Street NW
       Atlanta, GA 30309
       T: 404-881-7000
       F: 404-881-7777
       E: leah.mcneill@alston.com
       E: jacob.johnson@alston.com

       *Counsel for the Tenet Entities*