## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>  Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>  Defendants. | Adv. No. 23-03082 |

### **EMERGENCY UNOPPOSED MOTION TO<br>CONTINUE RULE 16 SCHEDULING CONFERENCE**

> **Emergency relief has been requested.  Relief is requested not later than July 12, 2023**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

---

[1] A complete list of each of the debtors (the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

SRC Hospital Investments II, LLC ("**SRC**"), together with the other above-captioned defendants (collectively, the "**Defendants**" or "**Debtors**") file this motion ("**Motion**") under Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 7016, and this Court's Courtroom Procedures Paragraph 6, permitting the Court to continue a Rule 16 conference upon a party' motion.

## I.  INTRODUCTION

1. On May 10, 2023, Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "**Tenet Entities**"), filed a *Complaint for Conversion, Declaratory Relief, and Turnover of Funds and Application for Injunctive Relief* (the "**Complaints**") against each Defendant, initiating Adversary Proceeding Nos. 23-03078, 23-03079, 23-03080, 23-03081 and 23-03082 (collectively, the "**Adversary Proceedings**").  The Complaints were filed under seal.  The Tenet Entities' Motion for Entry of an Order Authorizing Tenet Entities to File Under Seal is set to be heard on July 12, 2023.

2. The Tenet Entities granted Defendants a 30-day extension to July 17 to file a responsive pleading in this matter.

3. On May 11, 2023, this Court scheduled a Rule 16 conference in this matter for July 12, 2023. The Court also ordered the parties to meet and confer under Federal Rules of Civil Procedure, Rule 26(f), and to file a Rule 26(f)(3) report not later than 7 days before the Rule 16 conference—by July 5, 2023.

4. Defendants' trial counsel have a scheduling conflict with the Rule 16 conference and Rule 26(f)(3) report. They are currently preparing for a previously scheduled arbitration hearing set for July 6-12, 2023, with the potential to extend to additional dates. Because of the timing of this arbitration, Defendants will be unable to meaningfully meet and confer with Tenet

2

Entities' counsel to prepare the requisite joint Rule 26(f)(3) report by July 5 or attend the July 12 conference.

5.     A one-month continuance will allow Defendants' trial counsel to conclude the previously scheduled arbitration, complete the Rule 26(f)(3) report, and participate in the scheduling conference.

## II.     ARGUMENT AND CITATION OF AUTHORITIES

6.     This court should continue the scheduling conference by one month.  Under Rule 7016 of the Federal Rules of Bankruptcy Procedure, the court has the discretion, upon a party's timely motion, to make decisions as to the appropriate course of proceedings before it.  Further, the Court's courtroom procedures, paragraph 6, states that a "continuance can only be requested by motion."

7.     The circumstances warrant a continuance of the scheduling conference. Defendants' trial counsel are committed to a previously scheduled arbitration from July 6, 2023 until July 12, 2023, with the potential to extend to additional dates. Because of the timing of this arbitration, Defendants' trial counsel are currently engaged in pre-trial preparation and have severely impacted schedules.  They will be unable to meaningfully meet and confer with Tenet Entities' counsel in preparing the requisite joint Rule 26(f)(3) report by July 5. They will also not be able to attend the July 12 conference due to the scheduling conflict with the arbitration.

8.     A one-month continuance will allow Defendants' trial counsel to conclude the previously scheduled arbitration, complete the Rule 26(f)(3) report, and participate in the scheduling conference. It will also ensure that Defendants file their responsive pleading before the scheduling conference.

9.     Moreover, the Tenet Entities do not oppose the instant motion.  Accordingly, a continuance will not prejudice or disadvantage any party.

### III.    CONCLUSION

10. Given that, due to preexisting trial commitments, Defendants will be unable to participate in the scheduling conference or prepare the Rule 26(f)(3) report by July 5, good cause exists to grant the requested continuance. There is also no prejudice in granting this request, as the Tenet Entities do not oppose this motion. For these reasons, this Court should continue the Rule 16 scheduling conference to August 17, 2023, or a later date convenient for the Court.

WHEREFORE, Defendants respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 5, 2023

*/s/ Javier Gonzalez*
**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        vpolnick@jw.com
              jgonzalez@jw.com

*Co-Counsel for Defendant Debtors*

**CARLSON & JAYAKUMAR LLP**
Keith W. Carlson (*pro hac pending*)
Lil G. Delcampo (*pro hac pending*)
Kathrynn F. Benson (*pro hac pending*)
2424 S.E. Bristol Street., Suite. 300
Newport Beach, CA 92660
T: 949-222-2008
E:            keith@cjattorneys.com
E:            lil@cjattorneys.com
E:            kathrynn@cjattorneys.com

*Co-Counsel for Defendant Debtors*

n/a
n/a

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Javier Gonzalez*
Javier Gonzalez

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Defendant Debtors have conferred with Plaintiffs' counsel who indicated they are unopposed to the relief sought herein.

*/s/ Javier Gonzalez*
Javier Gonzalez