**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>        Defendants. | Adv. No. 23-03078 |

**DEFENDANTS' ANSWER TO COMPLAINT**
**23-03078, 23-03079, 23-03080, 23-03081 AND 23-03082**

Defendants SRC Hospital Investments II, LLC ("***SRC***"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (collectively "Defendants"), by and through its undersigned counsel of record, hereby answers the Adversary Complaint of Plaintiffs Tenet Business Services Corporation; VHS Acquisition Subsidiary Number 3, Inc.; Lakefront Medical Associates, LLC; Vanguard Medical Specialists, LLC; VHS West Suburban Medical Center, Inc.; VHS Acquisition

1

Subsidiary Number 4, Inc., MacNeal Physicians Group, LLC; VHS Westlake Hospital, Inc.; and Midwest Pharmacies, Inc. and asserts their Affirmative Defenses as follows:

## INTRODUCTION

1.      Admitted.

2.      Paragraph 2 contains conclusions of law to which no response is required. Paragraph 2 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 2 are denied.

3.      Paragraph 3 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 3 are denied.

4.      Admitted.

5.      Admitted in part, denied in part.  Paragraph 5 contains, in part, conclusions of law to which no response is required. Paragraph 5 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations of Paragraph 5 are denied. Defendants admit only that the Tenet Entities bring this adversary proceeding against Defendants and are seeking the relief set forth in Paragraph 5 of the Complaint but denies that there are any legal or factual basis for the relief requested or that the Tenet Entities are entitled to any relief in this case.

## PARTIES

6.      Admitted. Upon information and belief, Defendants admit that Tenet Business Services Corporation is a Texas corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

7.      Admitted. Upon information and belief, Defendants admit that VHS Acquisition Subsidiary Number 3, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

8.      Admitted. Upon information and belief, Defendants admit that Lakefront Medical Associates, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

9.      Admitted. Upon information and belief, Defendants admit that Vanguard Medical Specialists, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

10.     Admitted. Upon information and belief, Defendants admit that VHS West Suburban Medical Center, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

11.     Admitted. Upon information and belief, Defendants admit that VHS Acquisition Subsidiary Number 4, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

12.     Admitted. Upon information and belief, Defendants admit that MacNeal Physicians Group, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

13.     Admitted. Upon information and belief, Defendants admit that VHS Westlake Hospital, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

14.     Admitted. Upon information and belief, Defendants admit that Midwest Pharmacies, Inc. is an Illinois corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

15.     Denied in part, admitted in part. Defendants admit that SRC Hospital Investments II, LLC is a Delaware limited liability company with its principal place of business at 898 N.

3

Pacific Coast Highway, Suite 700, El Segundo, California 90245. Defendants deny that SRC is a subsidiary of Pipeline Health System, LLC.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

## JURISDICTION AND VENUE

20.    Denied in part, admitted in part. Paragraph 20 states conclusions of law to which no response is required. Paragraph 20 references a writing that speaks for itself and any characterization thereof is denied. Defendants admit only that they operated their businesses and managed their properties as debtors in possession. To the extent a responsive pleading is required, the remaining allegations in Paragraph 20 are denied.

21.    Denied in part, admitted in part. Paragraph 21 states conclusions of law to which no response is required. Defendants admit only that this Court retains jurisdiction over this proceeding. To the extent a responsive pleading is required, the remaining allegations of Paragraph 21 are denied.

22.    Paragraph 22 states conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations of Paragraph 22 are denied.

## BACKGROUND

### I.    THE AMENDED AND RESTATED ASSET PURCHASE AGREEMENT

23.    Admitted.

24.    Paragraph 24 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 24 are admitted.

4

25.     Paragraph 25 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 25 are denied.

26.     Paragraph 26 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 26 are denied.

27.     Paragraph 27 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 27 are denied.

28.     Paragraph 28 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 28 are denied.

29.     Paragraph 29 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 29 are denied.

30.     Admitted.

31.     Paragraph 31 contains conclusions of law to which no response is required. Paragraph 31 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 31 are denied.

## II.     SRC'S FAILURE TO REMIT THE TENET ENTITIES' PROPERTY

32.     Admitted.

33.     Denied.

34.     Denied in part, admitted in part. Defendants admit the Specified Seller Agency Settlements have not been remitted to the Tenet Entities. Defendants deny they are required to

remit the Specified Seller Agency Settlements to the Tenet Entities or the Tenet Entities are entitled to such remittance.

35.     Denied in part, admitted in part. Defendants admit the Governmental Authorities issue a notice with respect to the Specified Seller Agency Settlements. Defendants deny they have failed to transmit notices to the Tenet Entities.

36.     Denied in part, admitted in part. Defendants admit the Specified Seller Agency Settlements have not been remitted to the Tenet Entities. Defendants deny they are required to remit the Specified Seller Agency Settlements to the Tenet Entities or that the Tenet Entities are entitled to such remittance.

37.     Denied in part, admitted in part.  Defendants admit they received some of the Specified Seller Agency Settlements.  Defendants deny the remaining allegations of Paragraph 37.

38.     Denied.

39.     Defendants do not have enough information to admit or deny this allegation.

40.     Paragraph 40 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 40 are denied.

## CLAIMS FOR RELIEF

### COUNT I – CONVERSION

41.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

42.     Paragraph 42 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 42 are denied.

43.     Paragraph 43 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 43 are denied.

44.     Paragraph 44 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 44 are denied.

45.     Denied.

46.     Admitted.

47.     Paragraph 47 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 47 are denied.

48.     Paragraph 48 references a writing that speaks for itself and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in Paragraph 48 are denied.

49.     Denied.

50.     Denied.

51.     Paragraph 51 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 51 are denied.

52.     Paragraph 52 contains conclusions of law to which no response is required. To the extent a responsive pleading is required, the allegations in Paragraph 52 are denied.

### COUNT II – DECLARATORY JUDGMENT

53.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

54.     Paragraph 54 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

55. Paragraph 55 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

56. Paragraph 56 states a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

**COUNT III – INJUNCTIVE RELIEF**

57. Defendants incorporate all preceding paragraphs as if fully set forth herein.

58. Paragraph 58 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

59. Paragraph 59 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

60. Paragraph 60 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants deny that the Tenet Entities are entitled to any of the relief requested in the Prayer for Relief, including subsections (a) through (d), and respectfully request

that the Court dismiss the Complaint in its entirety and enter judgment in favor of Defendants and against the Tenet Entities.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendants, but to the contrary, the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon the Tenet Entities.  Moreover, Defendants, in asserting any defenses or any other matter, do not admit any liability. Rather, Defendants specifically deny the allegations in the Complaint as set forth herein. Without admitting liability as to any of the Tenet Entities' causes of action, Defendants assert the following additional defenses and other matters.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, the Tenet Entities' claims are barred, in whole or in part, based upon the doctrines of release, waiver, and estoppel.

### THIRD DEFENSE

The Tenet Entities' claims are barred, in whole or in part, to the extent that the Tenet Entities are not entitled to remittance of the Specified Seller Agency Settlements under the terms of the Plan Reservation of Rights to the Order Approving Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health Systems, LLC and Its Debtor Affiliates (Technical Modifications) [Docket No. 1041] (the "Confirmation Order") confirming the Debtors' Second

Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its

Debtor Affiliates (Technical Modifications) [Docket No. 1019].

### FOURTH DEFENSE

The Tenet Entities' claims are barred to the extent the transfers at issue relate to the

payment of debts that would otherwise be classified as administrative claims.

### FIFTH DEFENSE

Defendants reserve the right to amend this Answer and/or add additional defenses or

other matters, as allowed by the federal rules and as discovery proceeds.


Dated: July 17, 2023

*/s/ Javier Gonzalez*

**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          vpolnick@jw.com
                jgonzalez@jw.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**CARLSON & JAYAKUMAR LLP**
Keith W. Carlson (*pro hac pending*)
Lil G. Delcampo (*pro hac pending*)
Kathrynn F. Benson (*pro hac pending*)
2424 S.E. Bristol Street., Suite. 300
Newport Beach, CA 92660
T: 949-222-2008
E:              keith@cjattorneys.com
                lil@cjattorneys.com
                kathrynn@cjattorneys.com

*Co-Counsel for Defendant Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2023, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Javier Gonzalez*
Javier Gonzalez