UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1]<br>    Debtors. | Chapter 11<br>Case No. 22-90291 (MI)<br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br>    Plaintiffs,<br>v.<br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br>    Defendants. | Adv. No. 23-03082 |

**JOINT MOTION TO CONSOLIDATE ADVERSARY PROCEEDING NOS.
23-03078, 23-03079, 23-03080, 23-03081 AND 23-03082**

Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "***Tenet Entities***"), and SRC Hospital Investments II, LLC ("***SRC***"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC;

---

[1] A complete list of each of the debtors (the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

1

and West Suburban Property Holdings, LLC (the "**Defendants**" or "**Debtors**") file this motion ("**Motion**") under Rule 7042 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9013-1 to consolidate Adversary Proceeding Nos. 23-03078, 23-03079, 23-03080, 23-03081 and 23-03082 (collectively, the "**Adversary Proceedings**"). In support, the Tenet Entities state as follows:

## I.   INTRODUCTION

1. On May 10, 2023, the Tenet Entities filed a *Complaint for Conversion, Declaratory Relief, and Turnover of Funds and Application for Injunctive Relief* (the "**Complaints**") against each Defendant, initiating the five Adversary Proceedings. The Complaints were filed under seal.[2]

2. The Complaints are identical. The Complaints rest on a single common set of factual allegations – namely, the Defendants' receipt and conversion of government reimbursements that belonged to the Tenet Entities. Consolidation would streamline the proceedings, avoid needless duplication of time, effort, and expense, and otherwise promote economy and convenience for the parties and the Court. Accordingly, the Court should consolidate the Adversary Proceedings pursuant to Bankruptcy Rule 7042.

## II.   ARGUMENT AND CITATION OF AUTHORITIES

3. This Court should consolidate the Adversary Proceedings. Under Rule 42(a) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Bankruptcy Rule 7042, "[i]f actions before the court involve a common question of law or fact, the court may . . .

---

[2] On May 10, 2023, the Tenet Entities also filed a *Motion for Entry of an Order Authorizing Tenet Entities to File Under Seal Their Complaint for Conversion, Declaratory Relief, and Turnover of Funds and Application for Injunctive Relief* ("**Motions to Seal**") [Docket No. 2] in each of the Adversary Proceedings. As more fully explained in the Motions to Seal, the Tenet Entities seek authority, through the Motions to Seal, to file redacted versions and sealed versions of the Complaints, because the Complaints rely upon confidential and proprietary information contained in the APA (as defined in the Complaints). The Court set the Motions to Seal for hearing on July 12, 2023, at 10:00 AM (prevailing Central Time). On June 2, 2023, the Tenet Entities filed and served notices of hearing accordingly [Docket No. 10].

consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).  The parties requesting consolidation have the burden of proving to the court that common issues of fact or law exist that merit consolidation.  *See, e.g.*, *Total Containment v. TCI Env't NV/SA (In re Total Containment, Inc.)*, No. 04-13144bf, 2008 Bankr. LEXIS 1043, at *5 (Bankr. E.D. Pa. Mar. 25, 2008).  Courts do not permit consolidation unless common questions of law or fact exist in the actions. *See, e.g.*, *In re Consolidated Parlodel Litig.,* 182 F.R.D. 441, 444 (D. N.J. 1998).

4. After making the threshold decision on commonality, courts then consider several factors in the exercise of their discretion over whether to consolidate separate actions, including whether: (i) the actions are pending before the same court; (ii) the actions involve a common party; (iii) any risk of prejudice will result from consolidation; (iv) any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; (v) consolidation will reduce the time and cost of trying the matters separately; and (vi) the cases are at the same stages of preparation for trial.  *Hampton v. Mar. Ass'n Int'l Longshoreman Ass'n Pension Retirement Welfare and Vacation Funds*, No. 3:15-CV-247, 2017 U.S. Dist. LEXIS 62726, at *3–4 (S.D. Tex. April 25, 2017) (citation(s) omitted).  This Court has broad discretion to determine if consolidation is appropriate.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Also, "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.*

5. The factual and legal issues are substantially identical in the Adversary Proceedings.  The Complaints each rest on a single common set of factual allegations – namely, the Debtors' receipt and conversion of government reimbursements that belonged to the Tenet Entities.  The commonality requirement in Bankruptcy Rule 7042 is thus satisfied.

6. Next, in considering the discretionary factors listed above, this Court should conclude that consolidation under Bankruptcy Rule 7042 is the appropriate remedy here. First, the actions are all pending before the same court, this Court. *See Hampton*, 2017 U.S. Dist. LEXIS 62726, at *3. Second, as discussed above, the issues are identical and they involve the same parties. *Id*. at *3–4. Further, trying these issues together will most assuredly reduce the time and cost of trying the matters separately because the parties: (i) will not be forced to respond to numerous rounds of identical briefing; (ii) will avoid having to serve five sets of documents requests; (iii) will not have duplicative depositions; and (iv) will not impose on this Court's judicial resources. *See id*. Similarly, given the contemporaneous filing of each of the Adversary Proceedings, the matters are at the same stages of preparation for trial. Consolidation will not prejudice or disadvantage any party; to the contrary, all of the parties are requesting consolidation.

### III.     RESERVATION OF RIGHTS

7. The undersigned parties reserve all rights under Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### IV.     CONCLUSION

8. The Adversary Proceedings present common questions of law and fact and consolidation would streamline the proceedings and avoid needless duplication of time, effort, and expense. There is no need to inconvenience and waste the resources of the parties and burden this Court with duplicate briefing and repetitive arguments on the same legal issues arising out of the same set of facts. For these reasons, and as more fully set forth herein, this Court should consolidate the Adversary Proceedings.

WHEREFORE, the Plaintiffs and Defendants respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: July 27, 2023 | **ALSTON & BIRD LLP** |
| | |
| | */s/ Jared M. Slade* |
| | Jared M. Slade |
| | Texas Bar No. 24060618 |
| | S.D. Tex. Bar no. 1813371 |
| | Chase Tower |
| | 2200 Ross Avenue, Suite 2300 |
| | Dallas, Texas 75201 |
| | T: 214-922-3400 |
| | E: jared.slade@alston.com |
| | |
| | *and* |
| | |
| | Leah Fiorenza McNeill (*pro hac vice*) |
| | Georgia Bar No. 940554 |
| | Jacob A. Johnson (*pro hac vice*) |
| | Georgia Bar No. 849407 |
| | One Atlantic Center |
| | 1201 West Peachtree Street NW |
| | Atlanta, GA 30309 |
| | T: 404-881-7000 |
| | F: 404-881-7777 |
| | E: leah.mcneill@alston.com |
| | E: jacob.johnson@alston.com |
| | |
| | *Counsel for Tenet Business Services Corporation and certain affiliates* |

*-And-*

| | |
|---|---|
| Dated: July 27, 2023 | */s/ Javier Gonzalez* <br> **JACKSON WALKER LLP** <br> Veronica A. Polnick (TX Bar No. 24079148) <br> Javier Gonzalez (TX Bar No. 24119697) <br> 1401 McKinney Street, Suite 1900 <br> Houston, TX 77010 <br> Telephone: (713) 752-4200 <br> Facsimile: (713) 752-4221 <br> Email: vpolnick@jw.com <br> jgonzalez@jw.com <br><br> *Co-Counsel to the Debtors* <br> *and Debtors in Possession* <br><br> **CARLSON & JAYAKUMAR LLP** <br> Keith W. Carlson (*pro hac pending*) <br> Lil G. Delcampo (*pro hac pending*) <br> Kathrynn F. Benson (*pro hac pending*) <br> 2424 S.E. Bristol Street., Suite. 300 <br> Newport Beach, CA 92660 <br> T: 949-222-2008 <br> E: keith@cjattorneys.com <br> lil@cjattorneys.com <br> kathrynn@cjattorneys.com <br><br> *Co-Counsel for Defendant Debtors* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2023, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Jared M. Slade*
      Jared M. Slade

      *Counsel for Tenet Business Services Corporation and certain affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>      Defendants. | Adv. No. 23-03082 |

**AGREED ORDER APPROVING JOINT MOTION TO CONSOLIDATE ADVERSARY PROCEEDING NOS. 23-03078, 23-03079, 23-03080, 23-03081 AND 23-03082**

Upon the joint motion, dated July 27, 2023 (the "***Motion***") [D.E. ___], of Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "***Tenet***

---

[1] A complete list of each of the debtors (the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

1

*Entities*"), and SRC Hospital Investments II, LLC ("*SRC*"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the "*Defendants*" or "*Debtors*"), for entry of an order pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Rule 9013-1 to consolidate Adversary Proceeding Nos. 23-03078, 23-03079, 23-03080, 23-03081 and 23-03082 (collectively, the "*Adversary Proceedings*"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Federal Rule of Civil Procedure 42(a)(2), as incorporated into these Adversary Proceedings by Bankruptcy Rule 7042, Adversary Proceeding Nos. 23-03079, 23-03080, 23-03081 and 23-03082 shall be consolidated with and under Adversary Proceeding No. 23-03078, and all further filings in the Adversary Proceedings shall be filed in Adversary Proceeding No. 23-03078.

3. A docket entry shall be made in Adversary Proceeding Nos. 23-03079, 23-03080, 23-03081 and 23-03082 substantially as follows:

> An order has been entered in this case directing the consolidation of this Adversary Proceeding and Adversary Proceeding No. 23-03078 pursuant to Federal Rule of Civil Procedure 42(a)(2). The docket in Adversary Proceeding No. 23-03078 should be consulted with respect to any matters in this Adversary Proceeding and all further filings in this Adversary Proceeding should be made in Adversary Proceeding No. 23-03078.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023

Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE